*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# MEMORANDUM OPINION

No. 04-11-00351-CR

Bert Travis **GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 79th Judicial District Court, Brooks County, Texas
Trial Court No. 10-09-10594-CR
Honorable J. Manuel Banales, Judge Presiding

Opinion by:  Marialyn Barnard, Justice

Sitting:  Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed:  December 14, 2011

AFFIRMED

After the trial court denied appellant Bert Travis Garcia's motion to suppress, Garcia pled guilty to burglary of a habitation.  The trial court sentenced Garcia to seven years' imprisonment in the Texas Department of Criminal Justice—Institutional Division.  On appeal, Garcia contends the trial court erred by denying his motion to suppress his written confession and statements because they were obtained as a result of an illegal arrest.  We affirm the trial court's judgment.

## BACKGROUND

Sergeant Alberto Gonzalez testified at the suppression hearing. He testified that as he was investigating a burglary, he received information that Garcia might have been involved. Sergeant Gonzalez testified he then made contact with Garcia at Joe Morales's home. Sergeant Gonzalez told Garcia he needed to speak with him about a burglary Garcia may have been involved in, and Sergeant Gonzalez asked Garcia if he would speak to him at the police station. Sergeant Gonzalez testified he did not tell Garcia he was under arrest, and that Garcia went voluntarily to the police station with him.

Sergeant Gonzalez testified that at the police station, he read Garcia his *Miranda* rights. Sergeant Gonzalez stated Garcia understood these rights, agreed to waive them, and signed a document to that effect. Sergeant Gonzalez did not believe Garcia was under the influence of drugs or alcohol. While speaking to Garcia, Sergeant Gonzalez testified Garcia did not, at any time, ask for a lawyer or ask to stop the interview. Sergeant Gonzalez also stated he did not coerce or threaten Garcia, did not make promises to Garcia, and did not deny Garcia the right to use the restroom or drink water.

Once Sergeant Gonzalez began questioning Garcia, Garcia verbally admitted he had committed the burglary and agreed to provide a written statement. Garcia then asked Sergeant Gonzalez to write the statement, and Garcia signed the statement after it was written. Once the statement was completed, Sergeant Gonzalez obtained an arrest warrant and arrested Garcia.

Joe Morales testified he had given Sergeant Gonzalez permission to enter his home and because he was outside at the time, he did not see what went on in the house between Garcia and Sergeant Gonzalez.

Garcia also testified at the suppression hearing. Garcia testified Sergeant Gonzalez approached him for the first time outside of Joe Morales's home. Garcia told Sergeant Gonzalez he would go to the police station in a couple of minutes with his mom. Garcia then testified that Sergeant Gonzalez came back to Joe Morales's home fifteen to twenty minutes after their initial conversation. Garcia testified Sergeant Gonzalez, dressed in his uniform, entered the home, grabbed Garcia's arm, and took Garcia to the police station in his patrol car. Garcia testified he felt as if he was in custody and was not free to leave. Garcia stated Sergeant Gonzalez told him if he confessed to the burglary, he would be free to leave. On cross-examination, Garcia admitted he had gone to the police station before to make voluntary statements to Sergeant Gonzalez on other matters, and during those times, Sergeant Gonzalez was dressed as he was the day in question, in his uniform. Garcia also admitted Sergeant Gonzalez did not handcuff him.

After hearing the above evidence, the trial court denied Garcia's motion to suppress. Garcia subsequently pled guilty and was sentenced to seven years' imprisonment. Garcia then perfected this appeal.

## ANALYSIS

Garcia contends the trial court erred by denying his motion to suppress his written confession and statements because they were obtained as a result of an illegal arrest. Garcia argues the arrest was illegal because Sergeant Gonzalez did not have a warrant or probable cause to arrest Garcia. The State contends Garcia was not in custody at the time of questioning. We agree.

We must review a ruling on a motion to suppress for an abuse of discretion under a bifurcated standard. *See Wilson v. State*, 311 S.W.3d 452, 457-58 (Tex. Crim. App. 2010). First, we will give almost total deference to the trial court's determination of historical facts, and

second, the trial court's application of the law to those facts is reviewed de novo. *See id.* at 458. Because the trial court is the sole trier of fact, the trial court may believe or disbelieve any or all of a witness's testimony. *Id.* We must then examine the evidence in the light most favorable to the trial court's ruling. *See id.*

The voluntariness of Garcia's confession only becomes an issue if his confession was obtained while he was in custody at the time of the questioning. *See Bradley v. State*, 960 S.W.2d 791, 801 (Tex. App.—El Paso 1997, pet. ref'd). Therefore, Garcia's contentions revolve around one issue: whether he was in custody at the time he confessed to Sergeant Gonzalez. "A person is in 'custody' only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest." *Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996) (citing *Stansbury v. California*, 511 U.S. 318, 322 (1994)). There are four situations in which a suspect may be in custody:

> (1) when the suspect is physically deprived of his freedom of action in any significant way, (2) when a law enforcement officer tells the suspect that he cannot leave, (3) when law enforcement officers create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted, and (4) when there is probable cause to arrest and law enforcement officers do not tell the suspect that he is free to leave.

*Id.* Because Sergeant Gonzalez never told Garcia he could not leave, and it was within the trial court's purview to believe one witness over another, the second situation may be dismissed.

As for the first situation, Garcia was never handcuffed, and while at the police station, he was not refused the right to use the restroom and drink water. Again, Sergeant Gonzalez never told him he could not leave. As for the third situation, although Garcia testified he thought he was in custody, it is not a subjective belief, but an objective, reasonable belief. Although Sergeant Gonzalez was in uniform at the time, Garcia voluntarily went to the police station.

Garcia was never handcuffed, told he could not leave, or denied the right to use the restroom. There was also testimony that Garcia had voluntarily made statements at the police station before, to Sergeant Gonzalez in uniform, and was always free to leave. We hold the foregoing would lead a reasonable person to believe they were not in custody at the time of questioning.

As for the fourth situation, we must consider whether Garcia voluntarily arrived at the police station, the length of the interrogation, whether Garcia was forbidden from seeing family or friends, how much control was exercised over Garcia, and whether a "pivotal admission established custody." *Espinoza v. State*, 185 S.W.3d 1, 3 (Tex. App.—San Antonio 2005, no pet.) (quoting *Xu v. State*, 100 S.W.3d 408, 413 (Tex. App.—San Antonio 2002, pet. ref'd)). Garcia voluntarily went to the police station. There was no testimony during the suppression hearing to indicate that the length of the interview was improper. During Garcia's testimony, Garcia did not indicate that he asked to see his family at any time, or that he was forbidden from seeing friends or family. Garcia was also never handcuffed or told he could not leave or use the restroom. Finally, once Garcia made a pivotal admission that would establish probable cause for an arrest, Sergeant Gonzalez immediately obtained an arrest warrant.

We hold the trial court did not err in denying Garcia's motion to suppress because Garcia was not in custody at the time of his confession. Because Garcia was not in custody at the time of questioning, whether Sergeant Gonzalez had an arrest warrant or probable cause to arrest Garcia is irrelevant. Therefore, the trial court did not abuse its discretion in denying Garcia's motion to suppress his confession.

## CONCLUSION

Based on the foregoing, we overrule Garcia's contentions, and therefore, affirm the trial court's judgment.

Marialyn Barnard, Justice

DO NOT PUBLISH